

U.S. Department of Justice

Erik C. Peterson
United States Attorney
Western District of Wisconsin

*Telephone 608/264-5158*
*TTY 608/264-5006*
*Main Facsimile 608/264-5172*
*Criminal Division Facsimile 608/264-5054*
*Civil Division Facsimile 608/264-5724*
*Administrative Facsimile 608/264-5183*

Address:
Suite 303, City Station
660 West Washington Avenue
Madison, Wisconsin 53703

Mailing Address:
United States Attorney's Office
P.O. Box 1585
Madison, Wisconsin 53701-1585

September 5, 2008

Reed Cornia
Attorney at law
1213 North Sherman Avenue, Box 354
Madison, WI 53704

Re:  United States v. Christopher W. Dallum
     Case No. 07-CR-164-S

Dear Mr. Cornia:

This is the proposed plea agreement between the defendant and the United States.

1.   The defendant agrees to plead guilty to Counts 2 and 3 of the second superseding indictment in this case. These counts charge violations of 18 U.S.C. § 2252(a)(4). The maximum penalties for each count are ten years in prison, a $250,000 fine, a period of supervised release for life, and a $100 special assessment. If the defendant has a prior conviction as described in 18 U.S.C. § 2252(b)(2), the penalties related to prison time increase, for each count, to a mandatory minimum penalty of ten years in prison and a maximum penalty of 20 years in prison. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional term of imprisonment pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2.   The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

3. The defendant understands that: (a) there may be evidence in this case that could be subjected to DNA testing; and (b) he could petition the District Court under 18 U.S.C. § 3600 for DNA testing of evidence after conviction in this case. By his signature below, the defendant knowingly and voluntarily waives his right to post-conviction DNA testing of all evidence in this case.

4. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full file available to the Probation Office for its use in preparing the presentence report.

5. The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility.

6. The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

7. In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

8. The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

9. If your understanding of our agreement conforms with mine as set out

above, would you and the defendant please sign this letter and return it to me. By his signature below, the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

Very truly yours,

ERIK C. PETERSON
United States Attorney

By:

TIMOTHY M. O'SHEA
Assistant United States Attorney

9-5-08
Date

REED CORNIA
Attorney for the Defendant

9/5/08
Date

CHRISTOPHER W. DALLUM
Defendant

9/5/08
Date

TMO
Enclosure