IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

CHRISTOPHER DALLUM,

             Defendant.

OPINION AND ORDER

11-cv-67-bbc
07-cr-164-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Christopher Dallum has filed a motion for post conviction relief under 28 U.S.C. § 2255, raising a number of challenges to his conviction and sentence. None of the challenges have any merit, which means that his motion must be denied.

RECORD FACTS

Defendant Christopher Dallum was the subject of a one-count indictment returned against him on December 5, 2007, charging him with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). The indictment was superseded twice, once to add a second charge of possession of child pornography and again on July 16, 2008, to add a

1

charge of using the internet to entice a person under the age of 18 to engage in sexual activities for which the person could be charged criminally, in violation of 18 U.S.C. § 2422(b). The possession counts carry a minimum mandatory penalty of five years and a maximum penalty of 20 years. The enticement count carries a minimum mandatory penalty of ten years and a maximum penalty of life.

When defendant was first indicted, he was represented by an assistant public defender. Trial was scheduled for April 28, 2008, but adjourned at defendant's request in light of the government's announced intention to file a superseding indictment and defense counsel's expressed need for experts. At about the same time, defendant tried to discharge his court-appointed attorney. The magistrate judge held an ex parte hearing with defendant and his counsel on April 8, 2008 and agreed to appoint new counsel for defendant. Reed Cornia was appointed the same day. Trial was rescheduled for August 11, 2008 and rescheduled again in June to September 15, 2008, both times at defendant's request.

Over the summer, Cornia negotiated a plea agreement with the government, under which defendant would plead guilty to the possession of pornography counts of the indictment and the government would drop the child enticement count. On September 5, 2008, defendant entered his plea to the two counts. The probation office filed a presentence report, recommending a series of adjustments under § 2G2.2 to defendant's base offense level. These included adjustments for possession of images of children under 12 engaged in

2

sexually explicit conduct (§ 2G2.2(b)(2)); for possession of sadistic pornographic images of children (§ 2G2.2(b)(4)); for possession of more than 600 images of child pornography (§ 2G2.2(b)(7)); for repeatedly sexually assaulting a minor (§ 2G2.2(b)(5)); and for using a computer to collect child pornography (§ 2G2.2(b)(2)).

Defendant was sentenced on November 14, 2008 to a below guidelines sentence of 144 months, which was 66 months below the bottom of the applicable guideline range of 210 to 262 months. He took an appeal of his conviction and sentence to the Court of Appeals for the Seventh Circuit, challenging the use of U.S.S.G. § 2G2.2 in calculating his guideline range. The court denied his appeal in an unpublished decision on October 7, 2009, in which it criticized Cornia for filing "an unacceptable brief," Final Jmt., dkt. #111, at 2, that included a 30-page article about the flaws of the child pornography guidelines. The court of appeals found this article a poor substitute for an argument tailored to defendant's situation. Defendant sought a writ of certiorari from the United States Supreme Court; his petition was denied on February 22, 2010. He filed this timely motion on January 25, 2011.

OPINION

Defendant raises a plethora of challenges to his conviction and sentence that I address below. Few require extended discussion.

A. <u>Claims of Ineffective Assistance</u>

The test for constitutional ineffectiveness of counsel was established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The test has two components. The defendant must show both that counsel's representation fell below an objective standard of reasonableness, <u>id</u>. at 688, and that there exists a reasonable probability that the result of the proceeding would have been different had it not been for counsel's unprofessional errors. <u>Id.</u> at 694. In other words, proving a lawyer ineffective requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u> at 687. Merely showing that counsel erred in a few specific respects may not be enough to show incompetence; counsel's work must be evaluated as a whole. <u>Id.</u> at 690.

1. <u>Ineffective assistance on appeal</u>

Defendant begins his § 2255 motion by attacking his counsel for filing what the court of appeals found to be an unaccceptable brief. He does not explain how the filing prejudiced him. To do that, he would have to show that the court of appeals would have reversed his conviction had counsel filed a different brief, but he has made no attempt to make this showing. He seems to think that because the court of appeals called the brief unacceptable, it did not consider any of the issues raised in the brief. A review of the court's decision

4

shows that this is not true. The court of appeals considered his argument that § 2G2.2 is invalid because it is not based on empirical research. It explained that although district courts may have the freedom to sentence below the child pornography guidelines if they disagree with them, they are not required to do so. The court of appeals found it "patently frivolous" for defendant to argue that his sentence far exceeds any rational sentence when the court departed downward 66 months below the properly calculated guidelines.

Defendant does not identify any arguments that his counsel could have raised successfully on appeal, but did not. This is not surprising, given the weight of the evidence against defendant. In light of that evidence, Cornia was left with little to focus on other than the challenge to the use of § 2G2.2 to calculate defendant's sentence. Thus, even if I were to conclude that the brief Cornia filed fell below the objective standard of reasonableness, defendant has not shown that a better brief would have changed the outcome of the appeal.

2. <u>Failure to ask court to direct Bureau of Prisons to credit defendant for time served in federal custody</u>

This claim is without merit as a matter of law and fact. Defendant is not entitled to credit on his federal sentence for the time he spent awaiting trial in federal court unless he was in such custody "as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b)(1). He was never in federal custody before his sentencing in this court, but

5

was always serving a state court sentence. Thus, when he was brought from state custody to this court, the time he spent here was credited to his state court sentence and not to his subsequent federal sentence.

Defendant asserts that his counsel was ineffective because he did not ask the court to credit his pretrial custody to his federal sentence. It would have been a waste of time for counsel to have done so, not only because there was no merit to his position but because the issue is not one that courts decide, except in the context of a challenge to a sentence computation brought against the Bureau of Prisons. The Bureau is responsible for calculating sentences and sentence credit.

3. Failure to respond to government's statement that presentence report was inaccurate

In defendant's responsive brief, he admits that he cannot counter the government's statement in its responsive brief, dkt. #2 at 2, that "[n]othing in the transcript supports [defendant's] claims that the government argued at sentencing that the PSR was inaccurate." He attributes his original claim to his recollection of what happened at his sentencing, but adds that he was unable to check the transcripts because he does not have them in his possession.

From my review of the sentencing transcript, I suspect that defendant may be referring to a statement by the Assistant United States Attorney at the sentencing hearing

6

that he had suggested to the probation office two corrections he thought should be made in the presence report and that the probation office had addressed both matters. Sent'g Hrg. Trans., dkt. #105 (in 07-cr-164), at 2. The first correction in the government's October 17, 2008 letter, dkt. #87 (in 07-cr-164), related to the number of images defendant had possessed of children involved in sexually explicit conduct. The government thought the number should be 7,840 rather than the "over 2000" number used by the probation office. This proposed correction did not change the guideline calculations, as the probation office pointed out in the addendum to the presentence report. Dkt. #90 (in 07-cr-164).

The second correction did have an effect on the guidelines. The government argued that because defendant stored child pornography images within peer-to-peer folders and utilized programs that were configured to distribute the images on the internet to anyone using the same software, his offense level should be increased by two levels. The probation office agreed.

Defendant says that he never knew about these changes. This is unlikely, because they were discussed at length in the addendum to the presentence report and defendant told me at sentencing on the record that he had read the addendum. Sent'g Hrg. Trans., dkt. #105 (in 07-cr-164), at 2.

Defendant seems to be arguing that his counsel was ineffective not only because he allowed the presentence report to be changed surreptitiously but because he did not object

7

to the government's proposed changes.  However, without any showing from defendant of what arguments his counsel could have advanced, I cannot say that counsel was ineffective for not objecting.  A decision to forgo an objection is not evidence of ineffectiveness unless the objection would have made a difference in the outcome.

4. Failure to argue individual or irrelevant enhancements at sentencing

Defendant criticizes counsel's failure to challenge "irrelevant" sentencing enhancements proposed by the probation office, but, again, he does not suggest any arguments that counsel could have made or demonstrate why any particular enhancement was improper or irrelevant.  He does allege that "it is now standard practice for the 2-point enhancement for use of a computer to be removed, since the very nature of the offense requires the use of a computer."  Dft.'s Reply Br., dkt. #4, at 7.

Whether it is or is not "now standard practice" not to apply an enhancement for the use of a computer does not mean that counsel was ineffective in not making this particular point.  Counsel filed a thoughtful and persuasive sentencing memorandum, emphasizing aspects of defendant's life that the court could consider in sentencing him.  His failure to argue each and every enhancement applied to defendant's advisory guideline sentence does not amount to constitutional ineffectiveness.

Given all the evidence against defendant, it was not error for his counsel to use his

sentencing memorandum to build up his client's character and potential ability to change his conduct and try to persuade the court that the enhancements were excessive, duplicative and unsupported by evidence. Indeed, it was a productive tactic, because it was one of the reasons I gave defendant a below-guidelines sentence. In the end, the sentence that defendant received fell within the guideline range for the same offenses without either the 2-point enhancement for use of a computer or the 2-point enhancement for distribution.

5. Counsel's failure to employ experts

Defendant argues that counsel was ineffective because he did not retain any experts to investigate defendant's computers. Defendant suggests that a competent expert would have been able to show that both of defendant's computer programs were set not to distribute, that neither of the programs was working or operable and that the timing of supposed downloading episodes did not correspond to times when defendant had access to the computers. The flaw in defendant's argument is that his counsel *did* retain a computer expert, who later submitted a bill for his services of $5536.56. I can only assume that the expert did not find the exonerating evidence that defendant thinks existed.

The record shows that, in addition to the computer expert, counsel hired an investigator and was authorized to hire a psychologist. Again, the lack of any report by the psychologist suggests that he or she did not reach findings that would have been helpful to

9

defendant if made known to the court. In any event, defendant has no ground on which to argue that his counsel failed to employ experts.

6. Counsel's failure to give defendant adequate information and adequate time in which to consider the plea agreement

Defendant argues in his motion that he did not have enough time to consider the first plea agreement before it expired and before a superseding indictment was filed. He also says that the first time he heard about the second plea agreement was on the date it expired, so he did not have enough time to consult with anyone before signing. Defendant does not explain whether he is arguing that he missed out on a beneficial plea agreement because his attorney did not respond to him before the government filed a superseding indictment or if he is arguing that he did not have enough time to think about the second plea agreement before he had signed it. If he is making the first argument, he has not alleged any evidence to support it. If he is making the second argument, he cannot prevail on it because he told the court at the plea hearing that he had had enough time to talk with his attorney about the plea agreement. Plea Hrg. Trans., dkt. #104 (in 07-cr-164) at 4. He is bound by his statements made in open court at his plea hearing. United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005) ("a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling

10

explanation for the contradiction"). Defendant has not explained the contradiction between the statement in his motion and his statement in court.

In his reply brief, defendant says that "the Government's Response does not address the fact that I was asked to sign a Plea Agreement without knowledge of a vastly altered PSR." Dft.'s Reply Br., dkt. #4 at 9. This assertion makes no sense. When defendant signed his plea agreement, no presentence report had been written, much less altered. As I have explained, the presentence report was changed, but defendant was made aware of the change when he read the addendum to the report, as he told me he did.

## B. Other Claims

### 1. Threatening statements made by magistrate judge at ex parte hearing

Defendant never raised this issue on direct appeal. He says that he wanted to but that his counsel told him it was not a viable issue. This may suffice to show cause but it does not show that defendant would suffer any prejudice if the issue is not heard. Accordingly, defendant is barred from raising it in this motion. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) ("An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.")

It is clear that defendant would not be prejudiced if he is not allowed to pursue his contention that statements made by the magistrate judge at an ex parte hearing "induced" him to sign the plea agreement. The statements were allegedly made at a hearing held to consider the discharge and replacement of defendant's first appointed counsel. They were not made at any hearing where the topic was a plea agreement, as defendant seems to be asserting. Defendant characterizes the statements as threatening, but his description of them shows that they were truthful. According to defendant, the magistrate judge told him that the charges against him were serious, that he was looking at a substantial sentence and that the government rarely loses a case. These may be unpleasant things for a defendant to hear, but they are not threatening in the sense that they promise punishment or reprisal for future acts or omissions. To the contrary, they are factual matters that a defendant contemplating a change of counsel needs to keep in mind.

Defendants facing serious charges often have trouble accepting the reality of their situations and tend to think that their appointed counsel are shortchanging them when they give advice that their clients do not want to hear. When defendants react by asking for new counsel, it is not unusual for any judicial officer to resort to blunt terms in trying to convince a defendant that a change of counsel will not necessarily produce any different advice.

Even if the magistrate judge's statements could be characterized as threatening, defendant has not shown that they had any effect on him. The hearing at which the

12

magistrate judge is alleged to have made the statements took place on April 8, 2008. Defendant did not agree to plead guilty until September 5, 2008. It is wholly implausible that he did so then only because he felt threatened by something that had been said to him five months earlier.

2. <u>Defendant was induced into signing a plea agreement by the government's continuing to file superseding indictments</u>

This is another claim that is barred from consideration because defendant failed to raise it on appeal and has made no attempt to show prejudice from the failure to raise it. Defendant has not identified any impropriety in the filing of the superseding indictments. The magistrate judge set a September 15, 2008 trial date on June 30, 2008. At that time, the government had announced its intent to seek a second superseding indictment and both parties expected the case to go to trial. Defendant agreed on September 5, 2008 to plead guilty. It is not likely that he did so because of the filing of a superseding indictment he had known about for three months.

In this case, no basis exists for finding that defendant's counsel provided ineffective assistance to defendant or that defendant has any other viable challenge to his conviction or sentence. Accordingly, defendant's motion will be denied.

13

C. <u>Certificate of Appealability</u>

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

ORDER

IT IS ORDERED that defendant Christopher Dallum's motion for post conviction

relief under 28 U.S.C. § 2255 is DENIED.

Entered this 18th day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge